[Cite as *Anderson v. WBNS-TV, Inc.*, 2018-Ohio-761.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Aaron Anderson et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 17AP-660 |
| | | (C.P.C. No. 16CV-9809) |
| WBNS-TV, Inc., | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

# D E C I S I O N

### Rendered on March 1, 2018

**On brief:** *Calig Law Firm, LLC,* and *Sonia T. Walker; Jones Law Group, LLC,* and *J. Michael Nicks,* for appellants. **Argued:** *Sonia T. Walker.*

**On brief:** *Zeiger, Tigges & Little LLP, Marion H. Little, Jr.* and *Kris Banvard,* for appellee. **Argued:** *Matthew S. Zeiger.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Aaron Anderson, Aaronana Anderson, Willie Anderson, and Nanita Williams ("the Andersons"), acting as guardians of Aaron Anderson, are appealing the summary judgment granted for WBNS-TV, Inc. ("WBNS") in the defamation lawsuit they filed against WBNS. The Andersons assign a single error for our review:

> The Trial Court erred in granting Appellee's Motion for Summary Judgment on Appellants' defamation claim where Appellants provided clear and convincing evidence of Appellee's negligence.

{¶ 2} They state the issue for our review as follows:

> Whether Appellee's alteration in referring to Appellants as "robbers", when the police supplied information referred to Appellants as "suspects", is clear and convincing evidence sufficient to raise a jury question as to the fault element of Appellants' claim for defamation.

{¶ 3} There is no indication that the Andersons are public figures, so the case does not necessitate the actual malice standard required for public figures by *New York Time Co.* v. *Sullivan*, 376 U.S. 254 (1964).

{¶ 4} The complaint which initiated this lawsuit includes five theories for recovery. They are Invasion of Privacy/False Light, Defamation of Character, Intentional Infliction of Emotional Distress, Violation of R.C. 2739.14, and Loss of Consortium. At oral argument, counsel informed the court that the Andersons are no longer pursuing the invasion of privacy/false light theory.

{¶ 5} Apparently on January 20, 2016, WBNS put together a news broadcast which indicated that some of the Andersons had been involved over one year before in the armed robbery of an eight-year-old girl and the theft of her hover board. The research for the broadcast began based on a media information sheet provided by the Columbus Police Department ("CPD").

{¶ 6} The media information sheet was accompanied by photographs of persons CPD called "suspects." WBNS amplified the information on the media information sheet and broadcast that police were accusing two of the Andersons of robbing an eight year old and that the two Andersons were the robbers. WBNS also broadcast pictures of some of the Andersons which indicated some of the Andersons were robbers and had placed a gun to the child's head in stealing the hover board.

{¶ 7} The Andersons went to police headquarters and were cleared of the accusations. CPD informed WBNS that the Andersons no longer were considered suspects. WBNS then removed the photographs from its broadcasts, its Facebook page, and its website. However, WBNS refused to provide a retraction of any sort.

{¶ 8} There is no question that WBNS defamed some of the Andersons. It accused members of the family of being armed robbers. As noted earlier, this is not a case involving public figures, so merely publishing a false, defamatory statement is sufficient to establish a traditional defamation claim. Common law malice is established by the mere

publication of false, defamatory material. The fact that WBNS failed to distribute a retraction supports the common law presumption of malice applicable in such situations.

{¶ 9} The Supreme Court of Ohio has provided some protection from liability for media outlets by requiring that persons defamed by the media show some fault on the part of the media and make that showing by clear and convincing evidence. *See Lansdowne v. Beacon Journal Pub. Co.*, 32 Ohio St.3d 176 (1987).

{¶ 10} The assignment of error filed on behalf of the Andersons refers to negligence on behalf of WBNS as now required by the Supreme Court of Ohio. Defamation claims were not originally grounded in negligence. Defamation claims in English law were a separate set of torts recognized in old English courts. They did not traditionally raise issues involving duty of care or negligence.

{¶ 11} For purposes of the lawsuit filed by the Andersons, the question becomes whether or not broadcasting an accusation that the Andersons were robbers without investigation by WBNS and based on a set of police documents which claimed only that some of the Andersons were suspects is sufficient proof of a violation of a duty of care to allow the lawsuit to survive a motion for summary judgment. We find that the lawsuit at least presents a genuine issue of material fact which allows the lawsuit to proceed past the motion for summary judgment filed by WBNS. The damage inflicted on private citizens by a television station airing claims that innocent people are armed robbers who stole from an eight year old at gun point is huge. The typical private citizen does not have the money to air broadcasts to rebut the false claim. Further, putting such false claims on a website means that the falsely accused have the accusation available to anyone who chooses to do a search of the internet forever. WBNS has not printed a story correcting its false accusations or put notice on the internet that it falsely accused the family. Frankly, a media outlet has a stronger duty to research the facts in such cases than it did when the *Lansdowne* case was decided. False stories on the internet do not simply disappear because the truth is later discovered.

{¶ 12} Again, the Andersons have a sufficient factual basis to survive a motion for summary judgment on a theory of defamation.

{¶ 13} We do not see the complaint which initiated the lawsuit as pleading a viable claim for intentional infliction of emotional distress. The facts do not show intent to

inflict emotional distress, only the sloppy inflicting of emotional distress through failure to fully investigate a situation and through sloppy drafting of news reports. Summary judgment was appropriate for the intentional infliction of emotional distress claim.

{¶ 14} We also see no basis for a loss of consortium claim. Defamation claims provide a remedy for persons actually defamed, not for their spouses and relatives. Summary judgment was appropriate on the loss of consortium claims.

{¶ 15} R.C. 2739.14 applies only to publications of statements in newspapers. The lawsuit filed on behalf of the Andersons involves only electronic media, not the print media. The complaint does not state a claim of defamation involving newspapers, so summary judgment based on an alleged violation of R.C. 2739.14 was appropriate.

{¶ 16} In review, the sole assignment of error is sustained as to the summary judgment granted on the defamation claim. The sole assignment of error is overruled as to the intentional infliction of emotional distress, loss of consortium, and R.C. 2739.14 claims. As noted earlier, the false light/invasion of privacy claim is being abandoned. The lawsuit is remanded to the trial court for further appropriate proceedings on the remaining theory of recovery.

*Judgment affirmed in part and reversed in part;*
*Case remanded for further appropriate proceedings.*

BRUNNER and HORTON, JJ., concur.